UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————x
:
GILEAD SCIENCES INC., GILEAD     :
PHARMASSET LLC and               :
GILEAD SCIENCES LIMITED,         :
:
     Plaintiffs,              :     Misc. Action No. 1:15-mc-00406-P1
:
v.                               :     (Cases in Other Court:
:     Idenix Pharm., Inc. et al. v. Gilead Sciences,
:     Inc., et al., C.A. No. 13-1987-LPS; Idenix
MERCK & CO., INC. and            :     Pharm., Inc., et al. v. Gilead Pharmasset
MERCK SHARP & DOHME              :     LLC, C.A. No. 14-109-LPS; Idenix Pharm.,
CORP.                            :     Inc., et al. v. Gilead Sciences, Inc., C.A. No.
:     14-846-LPS) (D. Del.))
     Defendants               :
:
————————————————————x

## MEMORANDUM OF LAW IN OPPOSITION TO
## GILEAD'S MOTION TO COMPEL

## TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................3

COUNTERSTATEMENT OF THE RELEVANT FACTS ........................................4

    I.    The California Litigation, the Delaware Litigation and the Document Sharing Stipulated Order..........................................................................4

        A.    The California Litigation .................................................................4

        B.    The Delaware Litigation .................................................................5

        C.    Merck's Acquisition of Idenix .......................................................6

        D.    The Document Sharing Stipulated Order.........................................6

    II.    The Litigation Regarding the Scope of the Rule 30(b)(6) Deposition of Merck in the California Litigation ..........................................................7

        A.    Gilead's Motion to Compel Regarding the Scope of Merck's Corporate Testimony about 2' Modified Nucleosides in the California Litigation.............................................................................7

        B.    Gilead Designated Merck's Rule 30(b)(6) Testimony in the California Litigation to be Treated as Part of the Discovery in the Delaware Litigation ..........................................................................10

    III.    The Duplicative Rule 30(b)(6) Subpoena at Issue ..................................12

    IV.    The Duplicative Rule 30(b)(6) Subpoena is not Relevant to any Claim or Defense in the Delaware Litigation ........................................................15

ARGUMENT............................................................................................................15

    I.    Gilead has Misstated the Applicable Legal Standard ............................15

        A.    Gilead did not Issue any Subpoena to Merck Sharp & Dohme, Corp..............................................................................................15

        B.    Merck & Co., Inc. Timely Objected to Gilead's Subpoena Following the Procedures Utilized by the Parties in This Litigation.........16

    II.    Gilead's Subpoena is Entirely Duplicative of its 30(b)(6) Notice to Merck in the California Litigation..........................................................................18

    III.    Gilead's Purported Reasons for Seeking a "Do Over" of its Deposition of Merck are Unavailing ............................................................................18

CONCLUSION.........................................................................................................19

## <u>TABLE OF AUTHORITIES</u>

**CASES**                                                                                                                                        **PAGE(S)**

*Bough v. Lee,*
    29 F.Supp. 498 (S.D.N.Y. 1939)..............................................................................................14

*Copantitla v. Fiskardo Estiatorio, Inc.*, No. 09 Civ. 1608 (RJH) (JCF)
    2010 WL 1327921 (S.D.N.Y. Apr. 5, 2010)........................................................................15

*Gilead Sciences, Inc. v. Merck & Co., Inc, et al.*,
    Case No. 5:13-cv-04057-BLF/PSG (N.D. Cal.) ............................................................. *passim*

*Negotiated Data Solutions LLC v. Dell, Inc.*, No. C09-80012MISC JF,
    2009 WL 733876 (N.D. Cal. March 17, 2009).....................................................................15

*Orbit One Commcns., Inc. v. Numerex Corp.*,
    225 F.R.D. 98 (S.D.N.Y. 2008) .............................................................................................15

*Seth Co, Inc. v. United States*, Nos. 3:01CV1584(PCD), 3:02CV1049(PCD),
    2003 WL 1874738 (D. Conn. March 3, 2003)......................................................................17

*Wertheim Schroder & Co. v. Avon Prods., Inc.,* No. 91 Civ. 2287 (PKL),
    1995 WL 6259 (S.D.N.Y. Jan. 9, 1995) ...............................................................................15

**STATUTES AND RULES**

35 U.S.C. § 146.............................................................................................................................3

Federal Rule of Civil Procedure 26(c)..........................................................................................15

Federal Rule of Civil Procedure 30(b)(6) ............................................................................ *passim*

Federal Rule of Civil Procedure 45 ...............................................................................................4

District of Delaware Local Rule 30.2 ...........................................................................................15

## INTRODUCTION

The subpoenas served by Gilead Sciences, Inc., Gilead Pharmasset LLC and Gilead Sciences Limited (collectively, "Gilead") in its cases against Idenix Pharmaceuticals, Inc. (the "Delaware Litigation")[1] should not be enforced because the Rule 30(b)(6) deposition that Gilead seeks to take from Merck & Co., Inc. ("Merck")[2] is entirely duplicative of testimony that Gilead already obtained from Merck in a Rule 30(b)(6) deposition in co-pending litigation in the United States District Court for the Northern District of California: *Gilead Sciences, Inc. v. Merck & Co., Inc., Merck Sharp & Dohme Corp. and Isis Pharmaceuticals, Inc.*, Case No. 5:13-cv-04057-BLF/PSG (the "California Litigation"). Moreover, under the document sharing stipulation and order entered in the California Litigation, ***Gilead has designated the 30(b)(6) deposition of Merck in the California Litigation on this topic to be treated as part of the discovery record in the Delaware Litigation.*** Gilead has misstated the relevant facts and applicable law in the hope that this Court will allow Gilead to have a "do over" of a corporate deposition that was taken earlier this year in the California Litigation. For these reasons, and those more fully set forth below, Gilead's motion to compel should be denied in its entirety.

---

[1]  Those cases are (1) Idenix Pharm., Inc., et al. v. Gilead Sciences, Inc., et al., C.A. No. 13-1987-LPS, (2) Idenix Pharm., Inc., et al. v. Gilead Pharmasset LLC, C.A. No. 14-109-LPS, and (3) Idenix Pharm., Inc., et al. v. Gilead Sciences, Inc., C.A. No. 14-846-LPS.

[2]  Gilead's motion names Merck Sharp & Dohme Corp. as a "defendant", but neither of the subpoenas served by Gilead names Merck Sharp & Dohme Corp. as a deponent and neither was served on Merck Sharp & Dohme, Corp. Rather, both subpoenas solely name (and were served only upon) Merck & Co., Inc. as the entity to provide deposition testimony pursuant to Rule 30(b)(6).

## COUNTERSTATEMENT OF THE RELEVANT FACTS

**I.      The California Litigation, the Delaware Litigation and the Document Sharing
Stipulated Order**

**A.      The California Litigation**

The California Litigation was commenced by Gilead on August 30, 2013 as a declaratory

judgment action against Merck & Co, Inc., Merck Sharp & Dohme Corp ("MSD"), and Isis

Pharmaceuticals, Inc. ("Isis Pharmaceuticals")  (collectively, the "California Defendants")

seeking a declaration of invalidity and/or non-infringement of two patents collectively owned by

MSD and Isis Pharmaceuticals that disclose and claim certain compounds, called "nucleoside

analogs," that are useful for treating patients suffering from Hepatitis C Virus (HCV) infection.

U.S. Patent No. 8,481,712 (the "'712 Patent") is directed to specified nucleoside analogs that are

effective against HCV.  U.S. Patent No. 7,105,499 (the "'499 patent" and collectively with the

'712 patent, the "Merck Patents") is directed to methods of treating HCV by administering

specified nucleoside analogs to infected patients.

On November 11, 2013, MSD and Isis Pharmaceuticals (the "California

Counterclaimants") filed counterclaims against Gilead for infringement of the Merck Patents

resulting from the use of Gilead's Sovaldi product.  On November 28, 2014, the California

Counterclaimants filed supplemental counterclaims against Gilead for infringement of the Merck

Patents resulting from the use of Gilead's Harvoni product as well as its Sovaldi product.  It is a

matter of public record that Gilead has sold more than $20 billion of the accused Sovaldi and

Harvoni products.

On September 29, 2015, the California parties entered into a stipulation that under the

Court's construction of the sole disputed term in the '499 patent, (1) Gilead was aware of the

Merck Patents as of August 30, 2013 [the date that Gilead filed its declaratory judgment

complaint in the California litigation] and (2) "Gilead had knowledge, as of the date of the

launch of Sovaldi® and as of the date of the launch of Harvoni®, that use of Sovaldi® and

Harvoni® in accordance with their respective labels resulted in use of the method defined by

claims 1-2 of the '499 patent and in use of compounds defined by claims 1-3, 5, 7 and 9-11 of . .

. the '712 patent." (Exhibit 1 to the Declaration of Patrice P. Jean ("Jean Ex. ___") (submitted

herewith), California Litigation ECF 154).  On December 10, 2015, the California Court heard

the California Counterclaimants motion for summary judgment of infringement and indicated

that it would be granted. ("As I say, it appears to be conceded.  I think it will be summary

adjudication on the issue of infringement. . . .")[3] (Jean Ex. 2, California Litigation ECF 202 at

6:4-10).  The order providing for summary adjudication of Gilead's infringement of the '499 and

'712 patents has not yet been issued by the California Court.

     **B.**     **The Delaware Litigation**

     On December 1, 2013, Idenix Pharmaceuticals, Inc. and three co-plaintiffs filed suit

against Gilead Sciences, Inc. and Gilead Pharmasset LLC alleging infringement of patents

owned by Idenix and its co-plaintiffs by use of Gilead's Sovaldi (and later-launched Harvoni)

products.  On January 29, 2014, Idenix and the same co-plaintiffs filed suit against Gilead

Pharmasset LLC under 35 U.S.C. § 146, and on December 1, 2013, Idenix and one of its co-

plaintiffs filed suit against Gilead Sciences, Inc.   These three cases are pending in the United

States District Court for the District of Delaware before Chief Judge Leonard P. Stark (the

"Delaware Litigation").  The three patents asserted in the Delaware Litigation are U.S. Patent

No. 6,914,054 ("the '054 patent"), U.S. Patent No. 7,608,597 ("the '597 patent") and U.S. Patent

No. 7,608, 600 ("the '600 patent" and collectively with the '054 patent and the '597 patent, "the

---

[3]     The Court stated that Gilead's invalidity defenses, if successful, might preclude recovery
by the California Counterclaimants.

Idenix Patents"). Gilead has asserted in each case in the Delaware Litigation that the Idenix

Patents are each invalid and/or not infringed. The subpoena at issue before this Court was issued

out of the Delaware Litigation.

### C.        Merck's Acquisition of Idenix

At the time the Delaware Litigation was filed, Idenix was unaffiliated with Merck. In

August 2014, Merck acquired Idenix. Thereafter, Idenix, Merck and Gilead have litigated this

case on the explicit understanding that Idenix would be treated as a third party in the California

Litigation and Merck would be treated as a third party in the Delaware Litigation,

notwithstanding Merck's acquisition of Idenix. In serving these subpoenas under Rule 45 and

tendering the witness fee, Gilead explicitly sought evidence from Merck & Co., Inc. as a third

party.

### D.        The Document Sharing Stipulated Order

In order to avoid the burden of duplicative discovery in the California Litigation and the

Delaware Litigation, the parties negotiated a Document Sharing Stipulated Order, which they

treated as operative beginning in April 2015. The Document Sharing Stipulated Order was

formally entered by the California Court on November 2, 2015 and the Delaware Court on

October 30, 2015.

The Document Sharing Stipulated Order provides, in relevant part:

1.      The term "Documents" shall mean all written discovery responses, document productions, **deposition transcripts**, deposition transcript exhibits, expert reports, pleadings, motions, exhibits, and hearing/trial transcripts, produced, exchanged or generated by the Parties during the course of the Delaware Litigation or the California Litigation.

                . . .

3.      Each Party will be permitted to designate any Document originating from one litigation ("Designated Document"), and such documents shall be treated as though they had been produced in the other litigation, provided that the Party

designating the documents ("Designating Party") identify the Designated Documents by suitable identifying means (such as Bates Number or subject matter).

. . .

8.    Notwithstanding the foregoing, with respect to the subpoena served on Merck & Co., Inc.  in connection with the Delaware Litigation, the Merck Parties shall identify by Bates Number (or, where applicable, name, date and relevant portion) documents responsive to the following topics within fourteen (14) days after executing this Stipulation, and those documents will be deemed produced in the Delaware Litigation: (1) Merck's efforts to make 2'-methyl-2'fluoro compounds; (2) Merck's awareness of Idenix's patents or related applications; and (3) Merck's knowledge (if any) of Pharmasset's research regarding 2' methyl, 2' fluoro compounds.

Jean Ex. 3 (California Litigation ECF 170) (emphasis added).

## II.    The Litigation Regarding the Scope of the Rule 30(b)(6) Deposition of Merck in the California Litigation

### A.    Gilead's Motion to Compel Regarding the Scope of Merck's Corporate Testimony about 2' Modified Nucleosides in the California Litigation

On April 27, 2015, Gilead served upon Merck a Second Amended Notice of Deposition of Merck Pursuant to Fed. R. Civ. P. 30(b)(6) (the "California 30(b)(6) Notice").  In relevant part, Gilead demanded in the California 30(b)(6) Notice that Merck provide a corporate designee to testify regarding the totality of Merck's efforts to develop 2'-modified nucleosides for treatment of HCV, as follows:

Topic No. 1:

The development of the subject matter of any claim of the Patents-In-Suit, including any attempts, whether successful or not, by Merck, Isis or others to develop, manufacture, or market any of the inventions claimed in the Patents-in-Suit.

Topic No. 2:

Defendant's decision to pursue research and development of any 2'-modified nucleoside compounds for HCV treatment.

Topic No. 3:

Collaboration between Merck and Isis regarding HCV treatments or development of antiviral nucleoside compounds, including the criteria used for

identifying active nucleosides, and the reporting of information regarding the evaluation of nucleosides.

Topic No. 4:

All structure-activity-relationship investigations of nucleosides by Merck and/or Isis, including all structure-activity-relationship investigations related to 2'-modifications, and the conclusions from such investigations.

Topic No.5:

Defendant's research and development of compounds for HCV treatment from 1998 to the present, including research, experiments, and other activities relating to any 2'-modified nucleoside compounds for HCV treatment, and all lead compound(s) selected for further development from the Merck-Isis collaboration, including the reasons for selecting those compounds, test results of those compounds, and the fate of all such lead compounds, and the total amount allocated and spent on that research and development.

Topic 11:

All attempts, whether successful or not, by Merck, Isis, Idenix, or others to make fluorinated nucleosides, including 2'alkyl/2'F nucleosides, and the dates for each such attempt.

Topic 15:

Any human clinical trial(s) conducted by Merck, Idenix, Isis, or others for any 2'alkyl/2'F nucleoside.

(Jean Ex. 4).

Merck objected to the broad scope of Gilead's California 30(b)(6) Notice and the correspondingly broad scope of Gilead's interrogatories and document requests on those same topics. Merck's position was that information regarding Merck's development activities after the January 18, 2002 filing of the non-provisional application that issued as the '499 Patent was irrelevant to any claim or defense in the California Litigation. The two sides narrowed their differences during the meet-and-confer process, but were unable to reach agreement.

On March 24, 2015, Gilead filed a motion to compel Merck to provide the full scope of discovery demanded in its interrogatories, document requests and deposition notices. (Jean Ex. 5, California Litigation ECF 114). This motion to compel fully adjudicated the issues raised by

Gilead before this Court in its latest motion to compel.  Gilead's motion to compel in the

California Litigation explicitly stated that it was intended to encompass Gilead's deposition

requests to Merck.[4]  On April 8, 2015, Merck filed its opposition to Gilead's motion to compel

(Jean Ex. 6, California Litigation ECF 125).  Merck argued, among other things, that Gilead's

motion to compel ignored its earlier agreement to limit discovery on Topic 11 to specific

nucleoside analogs (2'F-Me nucleoside analogs) made through December 31, 2006.  *Id*. at 5-6.

On April 14, 2015, Gilead filed its reply in support of its motion to compel, which argued *inter*

*alia* that Merck should be required to provide discovery regarding its development of nucleoside

analogs without date restriction.  (Jean Ex. 7, California Litigation ECF 129, at 1-5).  At oral

argument, however, Gilead agreed to confine its requests to the period through the end of 2005,

"We're at least trying to find one compound that they ever made that falls in the scope of these

claims.  And we would be willing, if they have evidence in 2004, 2005, of actually doing this, to

limit what we're actually asking for." (Jean Ex. 8, at 23:10-13).

　　　On April 24, 2015, Magistrate Judge Grewal issued an order "granting-in-part" Gilead's

motion to compel.  (Jean Ex. 9, California Litigation ECF 136).  Consistent with the Court's

order and Gilead's concession at oral argument, by May 1, 2015, Merck produced documents

sufficient to describe the full scope of Merck's development of 2'F-Me nucleosides for the

period ending December 31, 2006.  Gilead accepted that Merck had discharged its obligations

under Magistrate Judge Grewal's April 24, 2015 Order.

---

[4] "And based on Defendants conduct to date, Gilead is also concerned that Defendants may
improperly try to prevent their witnesses from answering questions related to post-2002 activity
and actual reduction to practice.  Defendants should provide answers to these straightforward
questions, and should not be allowed to prevent its witness from testifying about these issues."
*Id.* at 17.

**B.     Gilead Designated Merck's Rule 30(b)(6) Testimony in the California Litigation to be Treated as Part of the Discovery in the Delaware Litigation**

On May 15, 2015, June 25, 2015 and July 10, 2015, Merck provided witnesses

designated under Rule 30(b)(6) to provide corporate testimony regarding Merck's research and

development of 2'-modified nucleosides and regarding synthesis efforts with respect to 2'F-Me

nucleosides for the period ending December 31, 2006 in response to Gilead's Topics, 1, 2, 5 and

11.  The witnesses provided were Dr. David Olsen (May 15 and June 25, 2015) and Dr. Joseph

Duffy (July 10, 2015).  The scope of the depositions was explicit:

> [Dr. Olsen is designated to testify about] Merck's research and development of nucleosides for HCV treatment from 1998 until the conclusion of the Merck/Isis collaboration, including research, experiments and other activities relating to any 2'-modified nucleoside compounds for HCV treatment.

> [Dr. Olsen is designated to testify about] Merck's research and development of compounds for HCV treatment following the conclusion of the Merck/Isis collaboration, including research, experiments and other activities related to any 2' modified nucleoside compound for HCV treatment, and all such lead compounds selected for further development from the Merck/Isis collaboration, including the reasons for selecting those compounds, test results of those compounds, and the fate of all such lead compounds.

> .  . .

> Dr. Olsen is designated to testify about Merck's identification of all attempts, whether successful or not, by Merck to make 2'methyl/2' fluoro nucleosides up to December 31, 2006, and the dates of such attempts.  Dr. Olsen is not designated to testify about the attempts and syntheses themselves, but rather about Merck's identification of those attempts and syntheses.

(Jean Ex. 10 at 62:1-6 & Ex. 11 at 11:4-13, 12:2-9).  It was explicitly confirmed on the record at

the June 25, 2015 deposition that the parties had stipulated that Topic 11 had been narrowed

from 2' alkyl fluorinated nucleosides to 2' methyl fluorinated nucleosides.[5]

The scope of Dr. Duffy's testimony under Rule 30(b)(6) was equally clear:

---

[5]      *Id*., Ex. 11 at 12:16 -22 ("Merck counsel: This was the subject of a meet and confer with Greg Booker [Gilead's counsel] and we originally agreed on this designation in the context of document production.  Gilead counsel: Understood.")

Q:   I'm now going to hand you what has been previously marked as Exhibit 169, which is Gilead Sciences Inc.'s Second Amended Notice of Deposition of Merck Pursuant To Federal Rule of Civil Procedure 30(b)(6).  I ask that you turn to Topic 11.  I'm just going to read Topic 11 into the record:
"All attempts, whether successful or not by Merck, Isis, Idenix or others to make fluorinated nucleosides, including 2' alkyl/2'F nucleosides, and the dates for each attempt."
Counsel, I understand that you have narrowed this designation.  Can you confirm?

Mr. Rabinowitz [counsel for Merck]: Yes.  So it will be narrowed in two ways.  First, by agreement, it's been narrowed to all attempts, whether successful or not, to make 2' methyl, 2' fluoro nucleosides up to December 31, 2006 and the dates of such attempts.
There's already been 30(b)(6) testimony by Isis, and Dr. Olsen has given testimony about what Merck did to identify the attempts.  So Dr. Duffy is going to testify about the substance of those attempts, not the way in which they were identified.

Ms. Del Dotto [counsel for Gilead]:  Thank you.

Mr. Rabinowitz:  And he is also going to testify about the evidence confirming the structure of the 2' methyl, 2' fluoro nucleosides made by Merck up to December 31 st, 2006.

(Jean Ex. 12, Duffy Tr. 9:11 – 10:19).

During their Rule 30(b)(6) depositions, Dr. Olsen and Dr. Duffy answered all of Gilead's questions on the full ambit of topics for which each had been designated.  Dr. Olsen's and Dr. Duffy's testimony were designated as "highly confidential – outside counsel's eyes only" because it encompassed some of the most tightly-held corporate secrets of Merck regarding its ongoing development of HCV treatments.

Gilead designated the Rule 30(b)(6) testimony provided by Dr. Olsen and Dr. Duffy under the Stipulated Document Sharing Order to be incorporated as if it had been taken in the Delaware Litigations.  On November 24, 2015, Gilead designated the entirety of the depositions taken from Dr. Olsen on May 15, 2015 and Dr. Duffy on July 10, 2015 under the Stipulated Document Sharing Order to be incorporated as if it had been taken in the Delaware Litigations:

"Counsel, Pursuant to paragraphs 3 and 4 of the parties' Stipulation Regarding Access to Documents, Gilead hereby designates the following documents

produced in Gilead Sciences, Inc. v. Merck & Co., Inc, et al., Case No. 5:13-cv-04057-BLF (N.D. Cal.):

Gilead designates the following deposition transcripts, including 30(b)(6) deposition transcripts.  Gilead also designates the depositions' corresponding exhibits, Exhibits 1-362, 501-727.
- Ashton, Wallace
- Balkrishen, Bhat
- Bennett, Frank
- Bergman, Jeffrey
- Carroll, Steven
- Cook, Phillip
- Curotto, James
- de Laszlo, Ernest
- Demain, Pamela
- **Duffy, Joseph**
- Durette, Philippe
- Eldrup, Anne
- MacCoss, Malcolm
- McHutchison, John
- Meyers, James
- Montross-Hobbs, Ann
- **Olsen, David**

(Jean Ex. 13, Coutinho E-mail dated 11/24/15).  On December 22, 2015, Gilead likewise designated the entirety of the Rule 30(b)(6) deposition taken from Dr. Olsen on June 25, 2015 under the Stipulated Document Sharing Order to be incorporated as if it had been taken in the Delaware Litigations.  (Jean Ex. 14, Coutinho Email dated 12/22/15) ("Pursuant to paragraphs 3 and 4 of the parties' Stipulation Regarding Access to Documents, Gilead hereby designates the following documents produced in *Gilead Sciences, Inc. v. Merck & Co., Inc, et al.*, Case No. 5:13-cv-04057-BLF (N.D. Cal.): . . . Deposition Transcript of David Olsen, Ph.D., Vol. 2 dated June 25, 2015")).  Accordingly, Gilead has full access to Merck's Rule 30(b)(6) testimony in the Delaware Litigations.

## III.    The Duplicative Rule 30(b)(6) Subpoena at Issue

On November 4, 2015 and December 1, 2015, Gilead issued two subpoenas to Merck & Co., Inc. in the Delaware Litigation.  The November 4, 2015 subpoena demanded that Merck &

Co., Inc. produce designated witnesses on eleven topics, and the December 1, 2015 subpoena

demanded that Merck & Co., Inc. produce designated witnesses on an additional four topics.

One of the topics designated by Gilead in its November 4, 2015 subpoena was:

"3. The conception, development and/or reduction to practice of 2' methyl nucleosides and of 2'

methyl nucleosides for the treatment of HCV."  (Johnson Ex. 12, [Docket Index "D.I. 3"]).

Merck timely objected to these subpoenas on December 1, 2015 and December 8, 2015,

respectively.  On December 1, 2015, Merck objected to Gilead's Topic 3 by stating, in part:

> Merck objects to this Topic as overly broad and unduly burdensome and to the
> extent it seeks information that is neither relevant to the subject matter of this
> action nor reasonably calculated to lead to the discovery of admissible
> evidence.  Merck further objects to this Topic to the extent it seeks the
> disclosure of information that is privileged or protected under the attorney-
> client privilege, the work product doctrine, the common interest/joint defense
> privilege, or any other applicable privilege or immunity.  Merck also objects to
> this Topic as overly broad and vague and ambiguous to the extent that no time
> period is specified.  Merck further objects to this Topic as duplicative of topics
> included in Gilead's "Second Amended Notice of Deposition of Merck" in the
> California Litigation (*see, e.g.*, Topic Nos. 1-5).  Merck will not provide a
> corporate witness to testify on topics for which it has already provided
> corporate testimony in the California Litigation, which can be used in this case
> pursuant to the Parties' Stipulation Regarding Access to Documents.

Merck's Objections and Responses to Subpoena to Testify at a Deposition in a Civil Case to

Merck & Co., Inc. dated November 24, 2015 (Johnson Ex. 13 dated December 15, 2015 at 6-7,

D.I. 3).  On December 7, 2015, three days before the parties were scheduled to appear before

Judge Freeman for oral argument on the parties' motions for summary judgment in the California

Litigation, the parties met-and-conferred by telephone regarding Gilead's November 4 subpoena.

During the course of this meet-and-confer session, when confronted with the fact that its

November 4 and December 1 subpoenas were entirely duplicative of testimony that had been

sought and obtained in the California Litigation, Gilead completely abandoned 43 of the 44

topics that it had designated.  Gilead purported to modify one topic (Topic 3 of the November 4

subpoena) to cover: "Merck's conception and reduction to practice **of 2' methyl-up 2'**

**hydroxyl-down nucleosides** for treatment of HCV" and further limited to "Merck's conception and first reduction to practice of the designated class of nucleosides for treatment of HCV." (Jean Ex. 15, Rabinowitz e-mail to Flanagan 12/7/15).  Merck's counsel responded that it would consider Gilead's proposal if (1) Gilead made that proposal in writing on December 7, 2015 (as Merck's counsel would be travelling to California the following day to prepare for the hearing before Judge Freeman) and (2) Gilead included in that writing a statement (which need not be long) of the reasons why Gilead could not have sought the requested testimony during the earlier Rule 30(b)(6) deposition of Dr. Olsen. *Id.*

Gilead's counsel, however, did not provide a writing that conformed to the meet-and-confer session.  Instead sent an e-mail demanding that Merck produce a witness on the broader topic of "Merck's conception and reduction to practice of 2' methyl nucleosides for the treatment of HCV, including biological activity testing of such nucleosides and public disclosures of any data (activity or toxicity) or structures of such nucleosides." (Jean Ex. 16, Flanagan email to Rabinowitz dated December 7, 2015).  Moreover, Gilead's counsel did not limit the requested deposition to Merck's "first reduction to practice", but rather sought burdensome testimony regarding all work that had been done by Merck, without date limitation.  Gilead's counsel threatened that unless Merck acquiesced to Gilead's demands, Gilead would file a motion to compel. *Id.*

Early on the morning of December 8, 2015, Merck's counsel sent a responsive e-mail to Gilead's counsel, which set forth eight separate misstatements, changes in position and procedural improprieties that Gilead's counsel had committed in the prior 24 hours.  (Jean Ex. 17, Rabinowitz e-mail to Flanagan dated 12/8/15).  That same day, Merck provided Gilead with a formal response and objection to Gilead's December 1 subpoena, notwithstanding the fact that

Gilead had already withdrawn each of the topics set forth in its December 1 subpoena as part of the meet-and-confer process.  (Jean Ex. 18).

One week later, on December 15, 2015, Gilead filed and served the instant motion.

**IV.    The Duplicative Rule 30(b)(6) Subpoena Is Not Relevant to any Claim or Defense in the Delaware Litigation**

On March 31, 2015, in the Delaware Litigation, Gilead served its First Supplemental Responses to Plaintiffs' Interrogatory Nos. 5, 6 and 8.  (Jean Ex. 19).  These interrogatories required Gilead to identify the basis on which Gilead contended that the Idenix Patents are invalid.  Nowhere in the thirty-eight (38) pages of Gilead's First Supplemental Response to Plaintiffs' Interrogatory Nos. 5, 6 and 8 did Gilead contend that any work performed by Merck was a basis for the invalidity of any of the Idenix Patents.  Nor did Gilead identify any work performed by Merck as a basis for the invalidity of the Idenix Patents in the seventy-four (74) pages of the "invalidity claim charts" that Gilead attached as Exhibit A and B to its interrogatory responses.

## ARGUMENT

**I.    Gilead Has Misstated the Applicable Legal Standard**

**A.    Gilead Did Not Issue any Subpoena to Merck Sharp & Dohme Corp.**

As noted above, Gilead did not name Merck Sharp & Dohme Corp. as a corporate witness in either its November 4 or its December 1 subpoenas.  Nor did Gilead serve any subpoenas on Merck Sharp & Dohme Corp.  The sole entity on behalf of which the responses and objections to the November 4 and December 1 subpoenas were asserted was "Merck & Co., Inc."  The basis on which Gilead named Merck Sharp & Dohme Corp. as a "defendant" (sic, respondent) is a mystery.

**B.     Merck & Co., Inc. Timely Objected to Gilead's Subpoena Following the Procedures Utilized by the Parties in This Litigation**

Gilead's repeated contention that Merck was somehow deficient in its objections to the Gilead's November 4 and December 1 subpoenas and "simply chose to ignore a validly issued subpoena" (Motion to Compel at 1) does not withstand scrutiny.  Merck timely interposed objections to the November 4 subpoena (on November 24) and the December 1 subpoena (on December 8).  As set forth above, by the time Merck responded to the December 1 subpoena on December 8, it had been withdrawn by Gilead's offer during the meet-and-confer session on December 7, 2015.

Moreover, it was agreed upon between the parties that if no agreement could be reached on the scope of Gilead's subpoena, then Gilead would proceed by motion to compel.  At no time during the meet-and-confer process (both oral and written) did Gilead state that Merck would be required to file a motion to quash, but rather Gilead's counsel repeatedly announced that it would file a motion to compel.

The procedure utilized by Merck here was in accord with the parties' past practice.  For example, when Gilead refused to provide a witness on certain topics contain in Merck's Rule 30(b)(6) notice to Gilead in the California litigation, Gilead did not file a motion to quash.  Rather, Gilead simply refused to provide a witness and stated that Merck would have to file a motion to compel in order to obtain the testimony sought.  *See* Jean Ex. 20 (Rule 30(b)(6) deposition of Gilead through Brian Sander, 20:15 – 22:7, refusing to provide a witness for Topics 20 (in part) and 21).

The cases cited by Gilead do not support Gilead's position here.  In *Bough v. Lee*, 29 F.Supp. 498, 501 (S.D.N.Y. 1939), the deposition at issue had been ordered by the District Court following motion practice, and the deponent's motion for a stay to the United States Court of

Appeals had not been granted.  Those circumstances, where two courts had heard and denied the

deponent's motion to preclude the deposition from going forward, are entirely missing here.

*Orbit One Commcns., Inc. v. Numerex Corp.*, 225 F.R.D. 98, 105 (S.D.N.Y. 2008) is completely

inapposite.  *Orbit One* was directed to a document subpoena, not a deposition, and the Court

refused to enforce that subpoena on the record before it.  *Copantitla v. Fiskardo Estiatorio, Inc.*,

No. 09 Civ. 1608 (RJH) (JCF), 2010 WL 1327921, *10 (S.D.N.Y. Apr. 5, 2010) likewise does

not support Gilead's contentions.  *Copantitla* also was about production of documents, not a

deponent, and the requested document discovery was denied.  Gilead's citation to *Wertheim*

*Schroder & Co. v. Avon Prods., Inc.,* No. 91 Civ. 2287 (PKL), 1995 WL 6259, at *6 (S.D.N.Y.

Jan. 9, 1995) defies credulity.  In that case, Judge Leisure held that "none of these witnesses need

be produced."  Moreover, Gilead's reliance upon *Negotiated Data Solutions LLC v. Dell, Inc.*,

No. C09-80012MISC JF, 2009 WL 733876 at *3 (N.D. Cal. March 17, 2009) is entirely

misplaced.  In *Negotiated Data*, the Court granted the motion to quash the Rule 30(b)(6)

deposition, holding that the "requested deposition testimony is unreasonably cumulative,

duplicative and burdensome."

 Finally, Merck's conduct fully accords with the Local Rules of the United States District

Court for the District of Delaware.  Rule 30.2 clearly states that a witness need not appear for a

deposition that is the subject of a discovery motion.  "Pending resolution of any motion under

Fed. R.. Civ. P. 26(c) or 30(d), or such other form of application of relief as the Court may

prescribe, neither the objecting party, witness, nor any attorney is required to appear at a

deposition to which a motion is directed until the motion is resolved."

**II.      Gilead's Subpoena is Entirely Duplicative of its 30(b)(6) Notice to Merck in the California Litigation**

As set forth above, the Rule 30(b)(6) subpoena that Gilead served on Merck in the Delaware Litigation (and seeks to have this Court enforce) is duplicative of the Rule 30(b)(6) notice that Gilead served on Merck in the California Litigation.  This duplication was explicitly cited by Merck in its objections to the currently-pending subpoena.  Despite stating that it would provide a justification as to why Gilead could not have obtained the discovery it now seeks in the California Litigation, Gilead's counsel reneged on that undertaking.

Moreover, Gilead's motion fails to acknowledge, let alone explain, the fact that ***Gilead has designated Merck's 30(b)(6) testimony in the California Litigation on the topics at hand to be deemed as produced in the Delaware Litigation.***    In addition, the Stipulated Order Regarding Access To Documents made specific provision for the then-pending subpoenas for production of documents that Gilead had issued to Merck in the Delaware Litigation.  There is no allegation (nor could there be) that Merck failed to discharge its obligations under Paragraph 8 of that Stipulated Order.

**III.     Gilead's Purported Reasons for Seeking a "Do Over" of its Deposition of Merck Are Unavailing**

Gilead's final refuge is its unsupported contention that "an additional deposition may reveal relevant new information."  (Motion to Compel at 6).  Gilead blithely asserts that it seeks to probe "specific areas of inquiry which it did not cover[] or did not cover in sufficient depth" (Motion to Compel at 7), but fails to identify any specific area of inquiry that did not cover or did not cover in sufficient depth.

The reason for Gilead's reticence is clear – the deposition testimony that it seeks is not relevant to any defense in the Delaware Litigation.  As set forth above, Gilead has made its

invalidity contentions in the Delaware Litigation.  None of those contentions mention any work performed by Merck at any time.  Even if there were not a stipulated order regarding document sharing (and there is), there still would be no basis to find that any of the discovery sought by Gilead is relevant in the Delaware Litigation.

Gilead's contention that it is entitled to a "do over" because Merck and Idenix each took the depositions of certain witnesses is without merit.  First, none of those depositions were the subject of motion practice in either the California Litigation or the Delaware Litigation.  Second, Gilead named several of these witnesses as Rule 30(b)(6) designees in one (Dr. Saguna Rachakonda) or both (Mr. Brian Sander) of the litigations.

In fact, the only reasonable explanation is that Gilead seeks to re-depose Merck in the hope that a "do over" will provide useful evidence in the California Litigation that is set for trial on March 7, 2016 and where fact discovery has long been closed. This case stands in stark contrast to *Seth Co, Inc. v. United States*, Nos. 3:01CV1584(PCD), 3:02CV1049(PCD), 2003 WL 1874738 at *2 (D. Conn. March 3, 2003), where the Internal Revenue Service identified discrete facts that were germane to a later litigation that had not been explored during depositions in an earlier litigation.

## CONCLUSION

For all the foregoing reasons, Merck respectfully requests that this Court deny Gilead's motion to compel in its entirety; and order such further relief that is just and proper.

Dated: December 28, 2015                                    HUGHES HUBBARD & REED LLP

By:      /s/ Stephen S. Rabinowitz
Stephen S. Rabinowitz
Patrice P. Jean
Mitchell Epner
David E. Lansky
HUGHES HUBBARD & REED LLP

One Battery Park Plaza
New York, New York 10004
Telephone: 212-837-6000
stephen.rabinowitz@hugheshubbard.com

Attorneys for Respondents
Merck & Co., Inc. and
Merck Sharp & Dohme Corp.

67686251

## CERTIFICATE OF SERVICE

      I Edward A. Schaefer certify under penalty of perjury that on December 28, 2015, I personally served a true copy of the Memorandum of Law in Opposition to Gilead's Motion to Compel by delivering and leaving the same at the offices of,

John T. Johnson
FISH & RICHARDSON P.C.
601 Lexington Avenue, 52nd Floor
New York, New York 10022

_____
Edward A. Schaefer